## MATHEWS, ETC., *v.* BOARD OF EDUCATION OF CUYAHOGA COUNTY ET AL.

*Schools—Transfer of territory—Uninhabited property—Railroad right of way—Board of education—Powers governed by statutes.*

1. A county board of education is a creature of statute, and the exercise of the powers granted to it is limited to those expressly given and those contained by reasonable intendment in the act creating it.

2. A county board of education is not authorized to transfer vacant property, its power in this respect being limited to inhabited property.

(Decided November 19, 1917.)

APPEAL: Court of Appeals for Cuyahoga county.

*Mr. William O. Mathews* and *Mr. Ben B. Wickham,* for plaintiff.

*Mr. Samuel Doerfler,* prosecuting attorney, and *Messrs. Locher, Green & Woods,* for defendants.

LIEGHLEY, J.   The parties stood in the same order below.

At one time the territory now included within the village of Bay and within the village of Dover constituted one unit of territory.  Thereafter the village of Bay withdrew under proper proceedings, and within its limits was included all of the territory north of the southerly line of the right of way of The New York, Chicago & St. Louis Railroad Company, which was the northerly part of what was formerly Dover.  The Bay village school district lines were coterminus with the boundaries of

Bay village.  Assuming to act under authority of Section 4692, General Code, the board of education of Dover district, on November 11, 1916, petitioned the county board of education of Cuyahoga county to detach said railway right of way from Bay district and attach the same to Dover district.  This petition came up for hearing before the county board on December 9, 1916, and action thereon was favorable.  Three notices of the proposed transfer were posted in the territory proposed to be transferred, notice thereof published in the *Cleveland Leader,* and a map showing the boundaries of the transferred territory duly filed with the auditor. Within thirty days after the adoption of the resolution granting the prayer of the petition by the county board, the railroad company and a majority of the qualified electors of Bay district filed a written remonstrance to the transfer with the county board.

The plaintiff, as a taxpayer, brought suit against the county board of education, county auditor and county treasurer to restrain the consummation of said transfer, grounding his claim for relief upon illegality of the proceedings, financial injury, and loss to plaintiff and other taxpayers in the village of Bay, by reason of a reduction in the tax duplicate to the extent of the value of said right of way, amounting to about four hundred thousand dollars ($400,000.00), etc.

The defendants filed an answer, in which is set up the proceedings of the county board substantially as above recited, and in addition thereto the extreme inequality in the burdens borne by the taxpayers in the two districts by reason of the dif-

ference in number of schools, pupils and teachers, and the great difference in the taxable value of the property within the territory of each. Defendants admit that the transfer will be consummated unless restrained by the court.

A demurrer was filed by plaintiff to the answer of defendants, which was sustained by the court below, and the defendants stating in open court that they did not desire to plead further the relief prayed for in plaintiff's petition was granted. From this judgment or decree appeal was perfected.

Defendants rely for authority for the proceedings of the county board to transfer said right of way upon Section 4692, General Code. Plaintiff claims that said section should be read with Section 4736, General Code, and that Section 4692 is limited in the purposes for which the county board may transfer territory to those expressed in Section 4736.

Sections 4692 and 4736, as amended in 1915 (106 O. L., 397), read as follows:

"Sec. 4692. The county board of education may transfer a part or all of a school district of the county school district to an adjoining district or districts of the county school district. Such transfer shall not take effect until a map is filed with the auditor of the county in which the transferred territory is situated, showing the boundaries of the territory transferred, and a notice of such proposed transfer has been posted in three conspicuous places in the district or districts proposed to be transferred, or printed in a paper of general circulation in said county, for ten days; nor shall such transfer take effect if a majority of the qualified

electors residing in the territory to be transferred, shall, within thirty days after the filing of such map, file with the county board of education a written remonstrance against such proposed transfer. If an entire district be transferred the board of education of such district is thereby abolished or if a member of the board of education lives in a part of a school district transferred the member becomes a non-resident of the school district from which he was transferred and ceases to be a member of such board of education. The legal title of the property of the board of education shall become vested in the board of education of the school district to which such territory is transferred. The county board of education is authorized to make an equitable division of the school funds of the transferred territory either in the treasury or in the course of collection. And also an equitable division of the indebtedness of the transferred territory."

"Sec. 4736. The county board of education shall arrange the school districts according to topography and population in order that the schools may be most easily accessible to the pupils, and shall file with the board or boards of education in the territory affected, a written notice of such proposed arrangement; which said arrangement shall be carried into effect as proposed unless, within thirty days after the filing of such notice with the board or boards of education, a majority of the qualified electors of the territory affected by such order of the county board, file a written remonstrance with the county board against the arrangement of school

14

districts so proposed. The county board of education is hereby authorized to create a school district from one or more school districts or parts thereof. The county board of education is authorized to appoint a board of education for such newly created school district and direct an equitable division of the funds or indebtedness belonging to the newly created district. Members of the boards of education of the newly created district shall thereafter be elected at the same time and in the same manner as the boards of education of the village and rural districts."

Neither of said sections contains an express grant of power to transfer territory for the purpose of adjusting values. It was conceded by counsel in argument that this was the purpose of this transfer. It is an attempt to transfer vacant property in the sense that the property proposed to be transferred is not inhabited. Plaintiff claims there is no authority for this attempt. An examination of the language of said Sections 4692 and 4736 as enacted in 1914 (104 O. L., 135 and 138), of which the above are 1915 amendments, may help us. They read as follows:

"Sec. 4692. Part of any county school district may be transferred to an adjoining county school district or city or village school districts by the mutual consent of the boards of education having control of such districts. To secure such consent, it shall be necessary for each of the boards to pass a resolution indicating the action taken and definitely describing the territory to be transferred. The passage of such a resolution shall require a majority vote of the full membership of each board

by a yea and nay vote, and the vote of each member shall be entered on the records of such boards. Such transfer shall not take effect until a map, showing the boundaries of the territory transferred, is placed upon the records of such boards and copies of the resolution certified to the president and clerk of each board together with a copy of such map are filed with the auditors of the counties in which such transferred territory is situated."

"Sec. 4736. The county board of education shall as soon as possible after organizing make a survey of its district. The board shall arrange the schools according to topography and population in order that they may be most easily accessible to pupils. To this end the county board shall have power by resolution at any regular or special meeting to change school district lines and transfer territory from one rural or village school district to another. A map designating such changes shall be entered on the records of the board and a copy of the resolution and map shall be filed with the county auditor. In changing boundary lines the board may proceed without regard to township lines and shall provide that adjoining rural districts are as nearly equal as possible in property valuation. In no case shall any rural district be created containing less than fifteen square miles. In changing boundary lines and other work of a like nature the county board shall ask the assistance of the county surveyor and the latter is hereby required to give the services of his office at the formal request of the county board."

A comparison of these sections readily reveals material changes in the language employed and the subject-matters covered. A provision in one is omitted, or is transposed to another section with additions and omissions. The following provision contained in Section 4736 of the act of 1914 is entirely omitted in substance and in fact from Section 4736 of the act of 1915, and was not reenacted in any other section:

"In changing boundary lines the board may proceed without regard to township lines and shall provide that adjoining rural districts are as nearly equal as possible in property valuation."

It was contended by plaintiff that this provision was originally in the act for the express purpose of giving to county boards the power to make an initial division of districts and adjustments of valuations, but that, when once done, the legislature intended to deprive county boards of further authority to manipulate tax duplicates. It is claimed by defendants that, notwithstanding the fact that said provision was omitted in the subsequent amendment, the power to make this transfer is included in the general powers granted in Section 4692.

We think some manifest intent and purpose must be conceded to legislative action.

If, as claimed by plaintiff, the omission by the legislature of this sentence relating to property valuation was deliberate and intentional, with the object in view of ending the powers of the county board in this respect, then, of course, the relief prayed for by plaintiff should be granted.

The purposes for which transfers may be made by the county board, under authority of Section 4736, General Code, as now in force, are limited to questions of accessibility of pupils and schools, or *vice versa*. If, as claimed by plaintiff, the general powers conferred in Section 4692 are restricted to the purposes expressed in Section 4736, and that a proper construction of the two acts requires that the same be read together, then we necessarily conclude that the relief prayed for by plaintiff should be awarded to him.

But it is claimed by defendants that the general grant of power contained in the first sentence of Section 4692, as now in force, gives to the county board the right to transfer territory for any purpose that in their discretion and judgment is for the betterment of the schools and to the best interests of the school system. It is claimed that Section 4692 should be read and construed alone. Suppose we do. The first sentence grants power generally. Immediately following it the act provides that said transfer shall not become effective unless three things are done: first, a map of the territory proposed to be transferred shall be prepared and filed with the auditor of the county; second, a notice of said proposed transfer shall be posted in the *district to be transferred;* third, the same shall not be effective if a majority of the qualified electors residing in the *territory to be transferred* shall remonstrate within thirty days after the filing of the map. The transfer shall not be effective unless notice is given and opportunity to remonstrate is afforded. In this case nobody inhabits the right of way. Notice published

thereon is notice to no one. Time to remonstrate avails nothing, for no one lives in the territory to file a remonstrance.

It seems to us very clear not only from the language of this section but also from that of Sections 4696 and 4736 that the legislature in enacting the amendments in 1915 intended to confine the powers of the county board to dealing with persons and pupils, with the sole object in view of the more efficient administration of the schools, and did not intend that the county board should have supervision over property valuations and tax duplicates, or the right to manipulate and readjust the same.

True it is that the railroad company and the majority of the electors of Bay district filed a remonstrance with the county board within the statutory time, but it will be observed that the controlling right to file a remonstrance is limited to the qualified electors residing in the territory *to be transferred*. The electors of Bay do not reside therein, nor is the railroad company an elector. These remonstrances were filed in an apparent effort to comply with Section 4736. These cannot hinder the transfer for the evident reason that such are provided for only in case of transfer for the purpose of accessibility of schools. It is admittedly another purpose that pervades this case, authority for which must be found in Section 4692, as likewise the instrument for defeating the same. And this is notice to, and a remonstrance by, the majority of the electors residing in the district *to be transferred*.

The county board of education is a creature of statute, and the exercise of the powers granted to

it should be limited to those expressly given and those contained in the act by reasonable intendment. The requirements, by the language of Section 4692, to make a transfer effective, seem to us to make it very certain that the legislature did not intend that power should reside in the county board to transfer vacant property; nor from the language can it be claimed. It seems clear to us that power is granted only to transfer inhabited property, in which transfer the electors shall have a voice. By the provisions of Section 4696 the electors have a voice by the grant of the right to petition for a transfer. By Section 4736 the electors may file a written remonstrance even in the case where the board makes a transfer for the purpose of accessibility to the schools. We decide that the county board in this case is about to transcend its power and will do so unless restrained.

The defendants are perpetually enjoined as prayed for in the petition.

Judgment is rendered against the defendants for costs.

*Injunction granted.*

GRANT and CARPENTER, JJ., concur.