Hamilton, J.
The petition in error seeks to reverse a judgment obtained in the court of common pleas of Hamilton county, Ohio, claiming as ground for reversal error in giving the special charges requested by defendant in error, error in the general charge to the jury, error in the exclusion of evidence offered by plaintiff in error, and that the verdict and judgment, are against the weight of the evidence and not sustained by sufficient evidence.
The case was heard on the amended petition, the answer thereto, and the reply. The action was one for breach of contract.
The plaintiff below, The National Brass Manufacturing Company, entered into a contract with the defendant, The Mal-Gra Castings Company, under which the defendant agreed to make for plaintiff 100,000, No. 16, and 300,000, No. 81, foot castings, at a price of nine cents per pound f. o. b. Cambridge City, Indiana. The contract provided *51 that deliveries were to be made as early as possible after January 2, 1917.
It is claimed that of the amount of castings contracted for, the defendant has only delivered to the plaintiff 9,414 pieces, and that the defendant now refuses to make further delivery of any castings whatsoever, although demand therefor has been made by the plaintiff. The plaintiff alleged it had duly performed all the conditions on its part to be performed, and asked damages.
The answer admitted the contract and the amount delivered, but denied each and every other allegation in the amended petition, and averred that defendant had been ready and willing to manufacture the other castings, undelivered; that plaintiff refused to pay for a consignment of castings; and that defendant thereupon declined to make further castings until the amount owing was paid. The answer further alleged that subsequent to the refusal to pay, although defendant was willing and is now willing to manufacture the balance of the castings, pursuant to the contract, the plaintiff withdrew from tnp defendant all patterns necessary for the manufacture of the castings, and that by reason thereof the defendant was prevented from completing their manufacture, although it was ready and willing to do so. Defendant claimed a breach of the contract on the part of the plaintiff. To this answer the plaintiff filed a general denial.
The following is a copy of the contract involved in the case:

*52
N ovember. 25th/16.

Mal-Gra Castings Co.,

Cambridge City, Indiana.

Gentlemen : —
We hereby confirm order given Messrs. Moesta and Ruehrwein a few days ago for: —
100.000 No. 16 feet castings
300.000 No. 81 feet castings
Price: $.09 per pound F. O. B. Cambridge City, Ind.
All gates to be ground.
Deliveries to be made as early as possible after January 2nd, 1917.
We also reserve the right to return defective castings to you monthly.
Yours respectfully,
The National Brass Mfg. Co.

Per S. M. Lawson.

Accepted: —
The Mal-Gra Castings Co.,

Per I. W. Brozvn, Sec.

It appears that the Castings Company, pursuant to the contract, began delivery of castings in installments, which were accepted and paid for by the Brass Company. The last installment of the amount admitted to have been delivered was delivered to the carrier at Cambridge City, Indiana, on March 20, 1917, and the invoice therefor sent to the Brass Company. No further deliveries were made after this date. It appears that the Brass Company did not receive this last installment, *53 the value of which as shown by the invoice was $20.82'. At the request of the Castings Company the invoice was returned, and they undertook to trace the shipment from Cambridge City, the place where the shipment was delivered to the carrier. Nothing further was done by the Castings Company with reference to the deliveries of the goods contracted for, although shipments were urged by the Brass Company.
It appears that on August 13, 1917, the Brass Company wrote a letter, which is in evidence, to the Castings Company, complaining of non-delivery and demanding immediate delivery. On August 16 the Castings Company replied to that letter stating that it would not be able to make any deliveries until January 1, following. The Brass Company thereupon went into the market and purchased the castings elsewhere, and, on September 17, 1917, filed this action in the court below for damages for breach of contract by the Castings Company.
On September 29 the Castings Company wrote the Brass Company calling their attention to the unpaid installment of $20.82, stating that they were ready to commence immediate deliveries, but refusing to do so until the unpaid installment of money was paid. Without paying the installment, the Brass Company withdrew its patterns from the Castings Company.
At the close of all the evidence counsel for the defendant Castings Company moved the court to direct the jury to return a verdict for the defendant, and for judgment in its favor, which motions the court overruled. The plaintiff did not move *54 for judgment, nor for a directed verdict. The matter was thereupon submitted .to the jury.
Plaintiff, before argument, requested the following special charges:
No. 1. “The fact that the plaintiff, The National Brass Manufacturing Company, did not pay for one of the shipments of castings made by the defendant, The Mal-Gra Castings Company, did not excuse The Mal-Gra Castings Company from performing their agreement to make the castings called for by the contract.”
No. 2. “The refusal on August 16th, 1917, by the defendant, The Mal-Gra Castings Company to make any further deliveries upon their contract with the plaintiff, The National Brass Manufacturing Company before January 1, 1918, was the breaking of the contract by The Mal-Gra Castings Company of the contract between the plaintiff and defendant.”
Both of these charges were given as requested, over the objection of defendant, and exception taken thereto.
The giving of these special charges presents a question as to whether or not the failure to pay for the installment of March 20, 1917, and the refusal to make further deliveries before January 1, 1918, as stated, in the letter of the Castings Company of August 16, 1917, were questions -of law for the court or questions of fact for the jury.
It is urged by counsel for defendant in error that the non-payment of $20.82, the small installment of March 20, being such a paltry sum in consideration of the entire amount involved, would not constitute a breach. While it is true that the law does *55 not regard trifles (Hallet & Davis Piano Co. v. Starr Piano Co., 85 Ohio St., 196), the amount in question, although small, is the invoice price of one whole installment. Section 8425, General Code (Sales Act), paragraph 2, provides:
“When * * * the buyer neglects or refuses to take delivery of or pay for one or more installments, it depends in each case on the terms of the contract and the circumstances of the case, whether the breach of contract is so material as to justify the injured party in refusing to proceed further.”
There is no time fixed by the contract for the payment of the goods. Section 8422, General Code, provides:
“Unless otherwise agreed, delivery of the goods and payment of the price are concurrent conditions.”
Delivery in installments had been made and accepted by the Brass Company, and they had made payments therefor on the installments ' invoices. The language of the contract and the conduct of the parties thereunder indicated clearly that it was the intention to make delivery in installments, and, under the provision of Section 8422, “delivery and payment were concurrent.” Failure to make the payment for the installment, therefore, brings this question under Section 8425, paragraph '2. Whether or not the non-payment is such a breach/ of the contract, or is so material as to justify the Castings Company in refusing to proceed further, depends on the terms of the contract and the circumstances of the case. This presents a mixed question of law and fact, and the facts and circum *56 stances should have been left to the jury under proper instructions of the court. ’
In the second special charge of plaintiff, above quoted, the court, in effect, charged as a matter of law that the statement of the Castings Company that it could not begin deliveries before-January 1, 1918, was the breaking of the contract by the Castings Company. This was error. In the amended petition, plaintiff alleged a breach of contract which was met by way of general denial by the defendant, and defendant further alleged its willingness to proceed with the deliveries under the contract. This directly raised the question as to whether or not deliveries to begin January 1, 1918, were within a reasonable time under the terms of the contract, no time for completion having been specified. Section 8423, General Code, paragraph 2, provides:
“When by a contract to sell or a sale the seller is bound to send the goods to the buyer, but no time for sending them is fixed, the seller is bound to send them within a reasonable time.”
Paragraph 4 provides:
“Demand or tender of delivery may be treated as ineffectual unless made at a reasonable hour. What is a reasonable hour is a question of fact.”
It is conceded that what is a reasonable time is a question of fact for the jury, but it is urged by the defendant in error that the allegation in the answer did not raise the question. As we have above observed, the question is made by the general denial of the breach. While it is the law that if a breach is admitted, facts to relieve against a *57 breach must be pleaded, that is not the question here. The breach itself is denied and the willingness to perform is alleged, and, under the law and Section 8423 of the General Code, the fact as to whether the offer to deliver January 1, 1918, was or was not an unreasonable time was a question for the jury. If the time was unreasonable, the letter would constitute an anticipatory breach.
In its general charge, the court charged the jury that the only question for the jury to consider was the amount of damage. In view of our holding, on the question of the submission of plaintiff’s special charges, Nos. 1 and 2, it becomes apparent that this was error. The court should have submitted to the jury the question of reasonable time and whether or not under all the circumstances of the case the failure to pay the installment of $20.82 was a material breach.
The defendant proffered evidence tending to show that .after March, 1917, owing to war conditions, it was impossible to obtain necessary labor and material, and that it was hampered and inconvenienced by shipping conditions, that the electric light plant of Cambridge City, which furnished the defendant with power, broke down, which made it impossible to operate the foundry, that the town was small and the labor market limited, and that questions arose involving strikes and wages of the laborers, all of which interfered with deliveries. The trial court refused to admit this evidence, and this refusal is urged as a ground of error.
We are of opinion that it was error to exclude this evidence. In view of the general denial of the *58 allegations of the petition, to entitle it to recover, the plaintiff was bound to establish the breach by showing non-performance within a reasonable time. The defendant was thereupon entitled to introduce any evidence which tended to controvert that fact.
The time that is reasonable for performance means reasonable in view of all the existing facts and circumstances, ordinary and extraordinary, legitimately bearing upon that question at the time of performance. Time that is reasonable under ordinary circumstances may be unreasonable under extraordinary circumstances, or conversely, and, applying to the instant case, extraordinary circumstances may make a time of performance reasonable which under ordinary circumstances would be unreasonable. Empire Transportation Co. v. Philadelphia & Reading Coal & Iron Co., 35 L. R. A., 623; Corrigan v. Iroquois Furnace Co., 100 Fed. Rep., 870; Acme Transit Co. v. 133,000 Bushels of Wheat, 243 Fed. Rep., 970; Eppens, Smith & Wiemann Co. v. Littlejohn et al., 164 N. Y., 187, and Richland S. S. Co. v. Buffalo Dry Dock Co., 254 Fed. Rep., 668.
The evidence proffered would tend to show extraordinary circumstances arising during the time of performance, and what was reasonable time must be considered in the light of these surrounding circumstances.
The evidence was admissible as bearing on the question of reasonable time, and the defendant was entitled to have the consideration of the jury upon this evidence.
*59 For the errors above stated the judgment will be reversed and the cause remanded for a new trial.

Judgment reversed, and cause remanded.

Shohl, P. J., and Cuspiing, J., concur.