**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3654
_____

UNITED STATES OF AMERICA

v.

DEQUAN FORDE,
 Appellant

_____

On Appeal from District Court of the Virgin Islands
(D. C. No. 1-18-cr-00004-001)
District Court Judge: Honorable Wilma A. Lewis
_____

Argued December 8, 2021

Before: McKEE, RESTREPO, SMITH, *Circuit Judges*

(Filed: June 1, 2022)

Matthew A. Campbell, Esq.          [ARGUED]
Kia D. Sears, Esq.
Office of Federal Public Defender
1336 Beltjen Road
Suite 202, Tunick Building
St. Thomas, VI 00802
         *Counsel for Appellant*

Daniel H. Huston, Esq.
Office of United States Attorney
1108 King Street
Suite 201
Christiansted, VI 00820

Gretchen C.F. Shappert, Esq.
Adam Sleeper, Esq.                          [ARGUED]
Office of United States Attorney
5500 Veterans Drive
United States Courthouse, Suite 260
St. Thomas, VI 00802
          *Counsel for Appellee*

————————————————

OPINION[*]

————————————————

McKEE, *Circuit Judge*.

Dequan Forde appeals the district court's denial of his motion to suppress marijuana seized during a warrantless search of his checked luggage as he arrived in the Virgin Islands from the United States mainland. He also challenges the denial of his motion to suppress statements he made to Customs and Border Protection officers while at the baggage claim and in secondary inspection. We will affirm the district court's denial of Forde's motion to suppress the marijuana, his statements at baggage claim, and his spontaneous statement in secondary inspection. However, for reasons set forth below, we will reverse the court's denial of Forde's motion to suppress statements he made in response to questioning while in secondary inspection.

**I.**[1]

———————————

[*] This disposition is not an opinion of the full Court, and under I.O.P. 5.7 does not constitute binding precedent.

[1] We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's "denial of a motion to suppress for clear error as to the underlying factual

2

Forde argues that CBP's warrantless search of his luggage at the internal customs border was unreasonable in violation of the Fourth Amendment. The officers uncovered marijuana in Forde's luggage during a routine x-ray examination of bags from a flight arriving from the mainland. They then returned it to the baggage belt so that they could intercept whoever retrieved it. While "[s]earches conducted absent a warrant are *per se* unreasonable under the Fourth Amendment," there are certain exceptions.[2] In *United States v. Baxter*, decided after Forde's motion was denied, we clarified that the border exception to the Fourth Amendment applies to the Virgin Islands' customs border, regardless of the direction of crossing.[3] The officers' warrantless inspection of Forde's luggage was consistent with the border exception to the Fourth Amendment.

---

findings," and we exercise plenary review over questions of law. *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002).

[2] *United States v. Katzin*, 769 F.3d 163, 169 (3d Cir. 2014).

[3] *United States v. Baxter*, 951 F.3d 128, 134–35 (3d Cir. 2020). *Baxter* concerned a package mailed from the mainland United States to the Virgin Islands rather than checked baggage on a commercial flight from the mainland United States to the Virgin Islands.  Looking to the statutory and regulatory landscape, searches of mailed packages may be different than searches of passenger's luggage.  *Compare* 19 C.F.R. § 145.2(b) (treatment of mail between the mainland and the Virgin Islands); 19 C.F.R. § 122.144(a) (treatment of passengers travelling from the Virgin Islands to the mainland); 19 U.S.C. § 1467 (same); *and* 31 U.S.C. § 5317(b) (treatment of passengers travelling between the United States and a foreign country), *with* 19 C.F.R. § 122.143(a) (treatment of passengers travelling from the mainland to the Virgin Islands).  But Forde concedes that *Baxter* controls the outcome of this case.  *See* Appellant Br. 12 ("Mr. Forde recognizes that *United States v. Baxter* presently forecloses relief on this claim.  Nevertheless, he wishes to preserve the claim for further review." (citation omitted)); Oral Arg. at 0:58. We thus assume, without deciding, that *Baxter* controls the outcome here. The district court applied the good-faith exception to the warrant requirement. Given our application of Baxter, we need not address the court's conclusion. Rather, we will affirm the denial of Forde's motion to suppress on alternative grounds. *See United States v. MacEwan*, 445 F.3d 237, 245 n.7 (3d Cir. 2006).

Accordingly, we will affirm the district court's denial of Forde's motion to suppress this physical evidence.

## II.

Forde also argues that the court erred in admitting statements he made in response to CBP questioning without being given *Miranda* warnings. "[T]he Fifth Amendment prohibits a prosecutor from using 'statements . . . stemming from custodial interrogation'" in the absence of *Miranda* warnings.[4] A defendant is in custody when a reasonable person would not feel at liberty to terminate the interrogation and leave.[5] This standard is objective, based on the circumstances of the interrogation rather than the subjective views of the officers or suspect.[6]

The district court concluded that *Miranda* did not apply because the questioning, both at baggage claim and in secondary inspection, occurred in the context of a border search. However, the border exception does not apply when questions "cease to have a bearing on the grounds for admissibility and instead only further a potential criminal prosecution."[7] Here, admissibility was resolved before Forde was questioned at the

---

[4] *Renda v. King*, 347 F.3d 550, 557 (3d Cir. 2003) (quoting *Miranda*, 384 U.S. at 444).
[5] *United States v. Ludwikowski*, 944 F.3d 123, 131 (3d Cir. 2019).
[6] *Stansbury v. California*, 511 U.S. 318, 323 (1994).
[7] *United States v. Kiam*, 432 F.3d 524, 530 (3d Cir. 2006) (rejecting a standard based on whether questions were routine or non-routine, since "courts have gone to great pains to label almost all questioning 'routine'"). *Kiam* assumes that the official has a genuine interest in and authority to ascertain the admissibility of people and their effects. *Id.* at 529–30 ("A person seeking entry into the United States does *not* have a right to remain silent. . . . [He] must convince a border inspector of his . . . admissibility to the country by affirmative evidence. . . . [And] the border inspector is accordingly entitled to ask questions and require answers."). As with *Baxter*, it is not obvious that Forde was required to affirmatively prove his admissibility to the officials. *Cf.* 19 C.F.R. § 122.143

baggage claim because it was CBP officers' "intention to arrest" whoever claimed the checked luggage.[8]

However, the CBP officers never communicated their intent to arrest the owner of the luggage to Forde. There was no show of authority that would cause a reasonable person to believe that s/he was not free to leave.[9] Because Forde was not deprived of his freedom of action in any significant way, he was not in custody, and *Miranda* did not apply.[10] Thus, we will affirm the district court's denial of Forde's motion to suppress his statements at the baggage claim, but we do so on alternate grounds.[11]

Nevertheless, the district court erred in declining to suppress Forde's responsive statements in secondary inspection. It is undisputed that Forde was in custody during his detention and questioning by CBP officers during that secondary inspection. The inquiry there was not focused on determining the admissibility of Forde's luggage. The officers knew it contained contraband that would not be admitted into the Virgin Islands. Rather, that inquiry was the epitome of a custodial interrogation aimed at confirming Forde's association with the contraband and, thus, his guilt. Accordingly, the border exception to *Miranda* did not apply and Forde's statements pertaining to the suitcase during that

---

(treatment of passenger flights from the mainland to the Virgin Islands to be similar to flights within the United States). It is thus not obvious that *Kiam* is the proper lens through which to analyze the facts of this case. But Forde again concedes that it is, and we thus assume *Kiam* applies.

[8] App. 212.

[9] *See United States v. Leese*, 176 F.3d 740, 743 (3d Cir. 1999) (requiring a showing that the authorities did or said something in a manner conveying to the suspect they cannot leave to establish custody without any formal arrest).

[10] *Miranda*, 384 U.S. at 444.

[11] *See United States v. Belle*, 593 F.2d 487, 499 (3d Cir. 1979) (affirming the district court's refusal to suppress a post-arrest statement on different grounds).

investigation should have been suppressed as they were clearly obtained in violation of the Fifth Amendment. Therefore, we will reverse the district court's order denying suppression of these statements.

## III.

Lastly, Forde argues that his utterance "that's weed" in secondary inspection should be suppressed because it was both involuntary and fruit of his illegal questioning during the secondary inspection.[12] When CBP officers opened his suitcase and exposed the laundry bag containing marijuana, Forde blurted out, "that's weed."[13] That statement was spontaneous and not made in response to CBP's questioning.[14] Moreover, Forde has not offered anything that would support a conclusion that his statement was anything other than the product of a free and rational will. The district court did not err in refusing to suppress that statement.

## IV.

In summation, for the reasons stated above, we will affirm the district court's denial of Forde's motion to suppress the physical evidence, the statements he made to CBP officers at the baggage claim and the spontaneous statement ("that's weed")[15] that he made while in secondary inspection.   We will reverse the district court's denial of

---

[12] *See Wong Sun v. United States*, 371 U.S. 471, 488 (1963) (holding evidence stemming from Fourth Amendment violations must be excluded from trial as fruit of the poisonous tree).

[13] App. 52.

[14] *See United States v. Calisto*, 838 F.2d 711, 717 (3d Cir. 1988).

[15] *Calisto*, 838 F.2d at 717.

Forde's motion to suppress the responsive statements he made during secondary inspection that were made in the absence of the required *Miranda* warnings.

Inasmuch as some of the evidence that forms the basis of Forde's conviction should not have been admitted, we will vacate the judgment of conviction and remand for further proceedings consistent with this opinion.[16]

---

[16] On remand, the district court will exercise its discretion in ruling upon any motion to withdraw the guilty plea based upon our partial reversal of the denial of the defendant's motion to suppress. The court's discretion will be guided by the usual factors for ruling upon such a motion when it is made after sentencing.